In re Lewis.

IN MATTER OF ACCOUNT OF JOHN LEWIS, CLERK OF CIRCUIT COURT OF ST. LOUIS COUNTY, Appellant.

1. *Circuit Clerks—Fees—Excess of, over salary—Must be paid into county treasury whenever collected.*—The fees collected by the clerk of a Circuit Court, which are in excess of the salary allowed by law, must be paid into the county treasury whether they are collected before or after his term of office expires.

*Appeal from St. Louis Circuit Court.*

*S. Reber,* for Appellant.

*Thos. C. Reynolds,* for St. Louis County.

ADAMS, Judge, delivered the opinion of the court.

John Lewis, the appellant, is clerk of the St. Louis Circuit Court and is his own successor, having served out his previous term which ended the 31st day of December, 1870. After the end of the year 1871, he delivered to the Judges of the Circuit Court two statements of his accounts verified by his affidavit. One statement consists of fees and emoluments for services rendered prior to his second term, which showed a balance in his hands of $13,892.16. The other statement showed a total amount of receipts for the first year of his second term to be $16,325.14.

These statements were made under section 24 of Article 6 of the Constitution and the Act of the Legislature of 1868 (Session Acts 1868, p. 5) to carry into effect that provision of the Constitution.

The court audited these accounts and allowed the clerk $24,242.45 to pay his deputies and assistants for the year 1871, which was in excess of the receipts of that year $7,917.30. This excess was allowed to him out of the fees and emoluments remaining in his hands of his previous term, and also his salary of $2,500.00 which still left in his hands $3,474.85 of the emoluments and fees of his previous term, and this amount the court ordered him to pay into the County Treasury of St. Louis County within ten days, and from this order the plaintiff Lewis has appealed to this court.

The objection urged by the clerk is that he is not liable for any fees collected after the expiration of his previous term for

services rendered during that term. The spirit and meaning of the Constitutional provision and the statute of 1868 enacted to put it in force, are that the clerk must account for all fees and emoluments over and above a sufficiency to pay his deputies and assistants and his own salary.

The law requires him to make out verified statements within thirty days after the expiration of each year. If he fails to do this, he renders himself liable to certain penalties, and the court may on its own motion proceed to ascertain the state of his accounts and order such balances as may be found to be paid into the County Treasury. This may be done after the expiration of the term, whether he be his own successor or not.

As the clerk voluntarily made the statements in question, the court had the power to act on them and to ascertain the true balance in his hands, and to order it to be paid into the County Treasury.

I see no error in the record. Let the judgment be affirmed. Judge Wagner absent. The other Judges concur.