THORNTON, APPELLANT v. THOMAS ET AL.

**Circuit Clerk:** FEES. Section 24 of Article 6 of the Constitution of 1865, declared that " no clerk of any court  *   *   *   shall apply to to his own use from the fees and emoluments of his office, a greater sum than $2,500 for each year of his official term, after paying out of such fees and emoluments such amounts for deputies and assist-ants in his office, as the court may deem necessary and may allow; but all surplus of such fees and emoluments over that sum, after paying the amounts so allowed, shall be paid into the county treasury for the use of the county." Under this section, *Held*, that the clerk of a circuit court received and held the fees of his office in trust: 1st, to pay his deputies; 2d, to pay himself a sum not ex-ceeding $2,500 per annum; 3d, to turn the residue into the county treasury. After receiving the amount allowed for his compensa-tion, he had no further interest in the fees, and if he went out of office leaving uncollected fees which he had earned, his successor in office, and not he, was entitled to collect them.

*Appeal from St. Louis Court of Appeals.*

*George A. Madill* for appellant.

1.   Section 24 of Art. 6 of the constitution of 1865, and the acts passed to carry it into effect, (Wag. Stat. 631, § 29 *et seq.*, Sess. Acts 1874, p. 63,) in effect make the clerk a trustee, and he receives the fees and emoluments of his office in trust to pay: *first,* such amounts as the court may direct to deputies; *second,* to pay the clerk a sum not ex-ceeding $2,500; *and, third,* to turn over, as the property of the county, any balance left after these payments are made. The clerk consequently has no absolute or unqualified

property in any of the fees earned. His right to a dollar of them depends upon the *amount* of the fees and the *amount* of compensation directed by the court to be paid to deputies. And certainly as soon as the fact is ascertained that the amount to be disbursed is equal to, or exceeds, the amount of fees earned, then the clerk has not even a qualified or contingent property right in the fees as such. And also the moment it is ascertained that the fees are sufficient to meet the ordered disbursements, and allow the clerk the full sum which in any possible event he may appropriate to his own use, and he has in fact received or appropriated this amount to his own use, then every dollar remaining in his possession, or uncollected, belongs absolutely to the county. As to fees already collected, the clerk is simply a trustee with no power to deal with them for any purpose, except that of preserving and paying them over to the county treasurer, and as to those fees which remain uncollected, the clerk has no property in them, but they are absolutely, as between him and the county, the property of the county. Lewis, therefore, has no right to any fees collected since his settlement on the 4th day of January, 1875, though earned previously.

2. The foregoing provisions of the constitution and laws confer the right and impose the duty upon Thornton, as the incumbent of the office, to collect the fees earned, without reference to the question whether they were earned during his own term or that of his predecessor. *In re Lewis*, 52 Mo. 550.

3. Under the provision of the constitution and statutes cited, the clerk of the circuit court, as regards the fees and emoluments of the office, as well as in respect of some other rights and duties of the office, is to be treated as a *quasi* sole corporation. Individuals or officers clothed with rights or powers which are incidents only of corporations, are, as to such rights or powers, deemed either corporations aggregate, or sole, or *quasi* corporations, as the case may be. Accepting this view, Thornton's right to col-

lect these fees at once follows.    Angell & Ames on Corp. 9 ed., p. 16, Sec. 23, *et seq.    Yanson v. Ostrander*, 1 Cowen 670.

*Samuel Reber* for respondent Lewis.

Thornton is not entitled to collect the fees earned by his predecessor in office, because he neither has a property in them nor an authority by law to receive or collect them. Before the adoption of the constitution of 1865, the clerk had the right to collect all fees earned by him, because they were his property, and this right remains unchanged except that Sec. 24, Art. 6, forbids him to apply to his own use more than a specified portion; all in excess of that portion is to be paid into the county treasury, and the General Assembly is required to pass laws to carry that section into effect.    The General Assembly might have authorized the successor to collect (and pay into the county treasury) the surplus fees of his predecessor, but it has not done so.

NAPTON, J.—In this case there is the following agreed state of facts:

1st.    That J. Fred. Thornton is now, and has been since the 4th day of January, A. D. 1875, the clerk of said circuit court of the county of St. Louis, Missouri; that said Emile Thomas is the sheriff of said county, and said John Lewis was formerly the clerk of said circuit court for the official term immediately preceding the term of said Thornton, and until January 4, 1875, when he ceased to be, and said Thornton became such clerk.

2nd.    That on said 4th day of January, A. D. 1875, the day on which he ceased to be such clerk, said John Lewis made and delivered to the judges of said circuit court his statement in detail, under oath, showing the aggregate amount of all official fees and emoluments received by him, as such clerk, during the year then last past, which was then examined by said court, and the same exceeded two thousand five hundred dollars, after deducting therefrom the sums and amounts for deputies and assistants and expenses as the said court deemed necessary and allowed, and

an order was then made by said court, and which said court caused to be certified to the county court of said county, requiring said Lewis, as such clerk, to pay the said surplus which remained in his hands (over and above the sum of twenty-five hundred dollars, and the amount so allowed by said court for deputies and assistants and expenses) into the county treasury of said county, within ten days thereafter. A true copy of said statement is herewith filed, and it is agreed that it is to be considered by the court as if embodied herein. The said sum of twenty-five hundred dollars, salary of said Lewis, and also the amounts allowed by said court, were deducted and retained by said Lewis, as such clerk, and the said surplus so to be paid into said treasury was more than four thousand dollars.

3rd. That in and for each year for and during the said late term of office of said Lewis, he received of official fees and emoluments of said office an excess of money over and above twenty-five hundred dollars, and the amounts allowed by said court for deputies, assistants and expenses, and so reported in his statements to said court each year, and paid a surplus each year into said county treasury.

4th. That on the 8th day of January, A. D. 1875, a fee bill was duly issued and certified by said Thornton, as such clerk, and directed to said sheriff, and placed in his hands to be enforced and collected, which was for the sum of forty-eight $\frac{20}{100}$ dollars. A copy of said fee bill is hereto annexed, and by agreement is made part hereof, and to be considered by the court as fully as if embodied herein. Said fee bill and the full amount embracing all the items therein was collected by said Thomas, as such sheriff.

5th. Said John Lewis claims and demands that the item and amount of eighteen dollars and fifty cents appearing in said fee bill as taxed in the name of said Lewis, clerk of said court, shall be paid to him as such former clerk, by said sheriff, and has so notified said sheriff, and said Thornton claims and demands that said amount shall be paid to him as such clerk, and has so notified said sheriff.

6th.   Said item and amount of eighteen dollars and fifty cents was taxed as costs in the case of *Thomas A. Walker, executor of Isaac Walker v. George Beard and Eleazer Beard,* as mentioned in said fee bill, in the name of said Lewis, as such clerk, as fees in said cause for services rendered by said Lewis, as such clerk, during his said term of office.

7th.   The said sum of eighteen dollars and fifty cents is still in the hands of said Thomas, as such sheriff, subject to be paid to the person entitled thereto.

Wherefore, the parties hereto pray for the judgment of this court, whether said Thomas, as such sheriff, is liable to pay said last named sum to said Lewis, or whether he is liable to pay the same to said Thornton; and it is agreed that if said sheriff is bound to pay the same to said Lewis, then judgment shall be rendered in favor of said Lewis and against said Thomas for the sum of eighteen dollars and fifty cents, and against said Thornton for the costs herein; but if said sheriff is bound or liable to pay the same to said Thornton, as such clerk, then judgment shall be rendered and entered herein in favor of said Thornton, against said Thomas for said sum of eighteen dollars and fifty cents, and against said Lewis for the costs herein; either party to have the right to appeal or to a writ of error.

The case was originally submitted to the circuit court in general term, and subsequently to the Court of Appeals, and now comes before this court.   Although the facts in this case vary somewhat from the facts in the case of *In re Lewis,* (52 Mo. 550,) the principle involved in the two cases seems to be the same, and our conclusion is the same with the one reached by the court in that case.   Since the adoption of the constitution of 1865, the mode of compensating clerks of courts in this State has been entirely changed from the system previously followed, and the officers may be considered as now having no interest whatever in the

fees. They receive as trustees for certain purposes enume-
rated, but only in that capacity. Fees are payable, not to
A. or B. who happens to be clerk, but to the clerk, who
may, without impropriety, as has been suggested in the
argument of counsel, be termed a *quasi* corporation sole.
In the present case Mr. Lewis has ceased to be clerk, and
since his term of office has expired, excepting .the duty of
settlement with the court, a duty specifically provided for
by statute, and which he has performed, he has had no
further duties in connection with the office. He has set-
tled with the court of which he was clerk, has retained
sufficient of the fees received to pay himself and deputies,
and handed over the remainder into the county treasury,
as the law required him to do. What authority has he
to receive fees now, no matter when or by whom earned?
It is conceded he has no personal interest in them, he
could only take them as a trustee for the county, and if
Mr. Lewis is to be looked after for moneys properly be-
longing to the county treasury, his predecessor and the
predecessor of his predecessor, must be followed till we get
back to the date of the constitutional enactment. The se-
curities of a clerk could, on this theory, hardly tell when
their responsibility ceased, which seemingly ended with the
final settlement of. the clerk with the court, and his pay-
ment of the surplus fund into the county treasury.

The argument in opposition to this conclusion is based
entirely on the assumption that the fees earned by a clerk
belong to the clerk who earns them, as undoubtedly was
formerly the law. The effect of the present system is to
make the fees, whenever and by whomsoever earned, pay-
able, when collected by the sheriff, to the clerk in office at
the time of their collection, who holds them officially in
trust for the purposes to which the law has destined them,
whatever they may be. It is unnecessary to determine in
this case whether one of these trusts would be to supply a
deficiency in the receipts of a former year to cover expen-

Thornton v. Thomas.

ses and salaries, as no such case is presented by the facts. The judgment of the Court of Appeals is reversed and the judgment of the circuit court affirmed. Judges SHERWOOD, HOUGH and NORTON, concur; Judge WAGNER absent.*

AFFIRMED.

---

*This case was decided at the October term, 1876.