HARRINGTON v. THE CITY OF ST. LOUIS, *Appellant.*

DIVISION ONE.

1. **Constitution:** STATUTE: FEES OF SHERIFF OF ST. LOUIS CITY. Under the constitution (art. 9, sec. 13) providing that the fees of no executive or ministerial officer of any county or municipality, exclusive of the salaries actually paid to his necessary deputies, shall exceed the sum of $10,000 for any one year and providing for statements of accounts to the county court and under the act of the legislature of May 19, 1879 (Laws, p. 97) enforcing said constitutional provision as to the sheriff of St. Louis City, each official year stands by itself and the sheriff must render a separate account of receipts and expenses for each year.

2. —— : —— : ——. The fees of a particular year are those earned for that year, no matter when collected.

*Appeal from St. Louis City Circuit Court.*—HON. JAS. A. SEDDON, Judge.

REVERSED AND REMANDED.

*Leverett Bell* for appellant.

The court below erred in approving the report by which the deficiency that existed in the compensation of Sheriff Harrington during his first term of office was made good from the surplus created by the earnings of his second term of office. *Allen v. Cowan,* 76 Mo. 193.

*E. T. Farish* for respondent.

(1) The language of the law is not that he shall retain out of the fees of any one year or term the fees earned during that year, but that he shall retain out of the fees of his office; that is, out of the fees, when collected irrespective of when earned, if earned during the term. (2) Mr. Harrington succeeded Mr. Mason as sheriff, and in his reports adapted and followed precisely the form used by Mr. Mason. Such forms had been adopted and approved by the circuit court and had become clearly established. There was no division as to respective years, and no statement of the sheriff's salary embraced therein. (3) The view here advocated is sanctioned by the interpretation which has been given to a similar law governing the clerks of circuit courts. Const., art. 6, sec. 24; *In re Lewis*, 52 Mo. 550.

BLACK, J.—Mr. Harrington was the duly elected and qualified sheriff of the city of St. Louis for two full terms, the first term being composed of the years 1885 and 1886, and the second of the years 1887 and 1888. At the expiration of the first six months of the second term, he filed in the circuit court of the city of St. Louis a statement of the receipts and expenses of his office. To this statement the city filed exceptions. The statement was continued from term to term during that year and a part of the succeeding year. In the meantime the court in general term required him to file two supplemental reports, bringing his accounts down to July 1, 1888. The exceptions were then overruled, and the city perfected this appeal.

The questions raised depend upon the proper construction of section 13, of article 9, of the constitution of 1875 and the act of May 19, 1879. Said section 13 of the constitution is as follows: "The fees of no executive or ministerial officer of any county or municipality, exclusive of the salaries actually paid to his necessary

deputies, shall exceed the sum of $10,000, for any one year.. Every such officer shall make return, quarterly, to the county court of all fees by him received, and of the salaries by him actually paid to his deputies or assistants, stating the same in detail, and verifying the same by his affidavit; and for any statement or omission in such return, contrary to truth, such officer shall be liable to the penalties of wilful and corrupt perjury."

The act of 1879 relates alone to the compensation of the sheriff of the city of St. Louis. By the first section it is made the duty of the sheriff to keep a full itemized account "of all fees, commissions and emoluments accruing to him by virtue of his office, and of all expenses, including the pay of his deputies, incurred by him in the discharge of the duties of his office." Section 2 provides in substance that he shall, at the end of each six months, file in the circuit court a statement of his receipts and expenses for such period of six months; and it is made the duty of the court to audit the account.

The third section provides: "Such sheriff, out of the fees, compensation and emoluments of his office, may, for each year of his term of office, receive and retain the sum of $10,000, over and above all such expenses as shall be allowed to him in his settlements above provided for; and all fees, compensation and emoluments which shall be collected by any sheriff, or by his successor for him, in excess of the amount which such sheriff may receive and retain, shall be paid to the treasurer of the city of St. Louis, for the use of said city."

There can be no doubt but the statements for each of the two official terms must be made the same as if the terms were held by different persons. This the circuit court held. But the court held that the sheriff could combine his accounts for the two years of the same term. The result of this ruling was to allow the sheriff to aggregate the receipts for the two years

of the same term, then deduct the expenses for deputy hire, and retain for his own compensation $20,000, the excess, if any, to be paid over to the city. In this ruling the court erred. The section of the constitution before quoted declares in plain terms that the fees of no such officer, exclusive of salaries actually paid to his deputies, shall exceed the sum of $10,000, *for any one year*. This does not mean that the fees, over and above deputy hire, shall not exceed $20,000 for two years. The law itself divides the official term into years for all the purposes of applying the limitation as to the amount of fees which the sheriff may retain. Each year of the official term stands by itself. It follows that the sheriff must render a separate account of receipts and expenses for each year. When the fees for the particular year reach the amount of $10,000, with expenses added, the balance must be paid over to the city. The excess of one year cannot be carried into another year for the purpose of bringing the fees of that year up to $10,000, with deputy hire added. It is not the object of this law to make the clear compensation of the sheriff $10,000, per annum. His compensation for each year must come from the fees and emoluments of the office for that year, but when they reach the clear sum of $10,000, the balance must be paid over to the city.

With this result it is proper to be more explicit as to what fees must be brought into each year's account. For illustration we will take the first year of the first term in this case. The receipts for that year will be composed of the fees and emoluments earned and collected during that year, and, also, of the fees and emoluments earned during the year, but collected during a subsequent year. In other words, the fees of a particular year are those earned during that year, no matter when collected. It often occurs that fees and commissions are earned in one year and collected in a succeeding year. All such fees and commissions must

be carried into the account of the year in which they were earned.    *Allen v. Cowan*, 96 Mo. 193.

It is argued that the language of the third section of the act of May, 1879, is not that the sheriff may retain out of the fees of any one year $10,000, but that he shall retain that amount for each year out of the fees of his office, no matter when earned.    There is some foundation for this construction of the statute when taken by itself, but it must be construed in the light of the section of the constitution which it seeks to enforce ; and when this is done we think it means that which the constitution plainly expresses.    Indeed, the legislature could not increase the compensation of the sheriff beyond that limited by the constitution.   As has been said, that instrument makes each year stand by itself, and we think the act is in harmony with it in this respect, and, therefore, in harmony with what has been said.

The foregoing observations dispose of the only questions urged upon this appeal.    The judgment is, therefore, reversed and this cause remanded for further proceedings in accordance with this opinion.    BARCLAY, J., not sitting.    The other judges concur.