STATE OF MISSOURI *ex rel.*, HENRY F. HARRINGTON'S ADMINISTRATOR, Appellant, v. JOHN H. POHLMAN *et al.*, Respondents.

St. Louis Court of Appeals, January 15, 1895.

1. **Practice, Appellate**: PRESUMPTIONS: PLEADING. It is incumbent upon the party complaining of error to establish it by the record. Accordingly, on an appeal from a judgment rendered under section 2068 of the Revised Statutes for insufficiency of a third petition, it will be presumed, in the absence of a contrary showing, that two prior petitions were adjudged insufficient on demurrer or motion to strike out.

2. **Sheriff of City of St. Louis**: LIMITATION OF ANNUAL COMPENSATION. Under the constitution and act of 1879, the sheriff of the city of St. Louis is not entitled to more than $10,000, in the aggregate, out of his entire official earnings of any one year.

3. ———: ———: RIGHT OF RECOVERY FROM SUCCESSOR. If such earnings during any year are collected in part by the sheriff himself and in part by his successor, and his own collections do not exhaust such limit of $10,000, he is entitled to recover enough of such collections by his successors to make good the deficit.

4. ———: ———: ———: PLEADING. But the allegation in a petition for such recovery, that he has collected less than $10,000 out of his fees for such year, will not sustain his right of action, when it appears from his petition, taken in its entirety, that the term fees as used therein is restricted to fees for serving and executing process.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*E. T. Farish* for appellant.

*Ford Smith* for respondents.

ROMBAUER, P. J.—The trial court sustained a demurrer to the plaintiff's second amended petition,

and rendered judgment in favor of the defendants and against the plaintiff for treble costs under the following provision of the Revised Statutes of 1889:

Section 2068. "If a third petition, answer or reply be filed and adjudged insufficient as above, or the whole or some part thereof be stricken out, the party filing such pleading shall pay treble costs; and no further petition, answer or reply shall be filed, but judgment shall be rendered."

Preceding sections of the statute refer to an adjudication of insufficiency upon demurrer or motion to strike out.

The first error assigned by the plaintiff appellant is that, since the record fails to show that his previous petitions were adjudged insufficient on demurrer or motion to strike out, the court erred in rendering judgment against him for treble costs, and also erred in denying to him leave to further amend his petition by interlineation.

It was decided in *Spurlock v. Railroad,* 93 Mo. 13, that this section of the statute applies to cases only where a pleading is successively adjudged insufficient on demurrer or motion to strike out, and not to cases where the party either voluntarily amends his pleading, or else it is adjudged insufficient in some other manner. In that case, however, it distinctly appeared in what manner the former pleading had been adjudged insufficient, while in this case the record is entirely silent on that subject. As it is incumbent upon the party complaining of error to point it out, and as in this case the judgment of the court, for all that appears by the record, may be in strict conformity with the mandate of the statute, we must overrule this assignment of error. If (as we must assume in support of the judgment) the plaintiff's former petitions were adjudged insufficient on demurrer or motion, the court had no

power to permit a still further amendment. *Beardslee v. Morgner*, 73 Mo. 22. This, of itself, disposes of the further assignment, that the court erred in not permitting a further amendment by interlineation. The assignment is also untenable, for the further reason that no exceptions were properly saved to the ruling of the court.

The plaintiff's main contention is that the demurrer to his second amended petition was improperly sustained. To decide this point intelligently, it is essential to set out so much of the petition as states the substantive facts of the cause of action.

The suit is on the official bond of Pohlman as sheriff of the city of St. Louis. The petition states the following facts: Henry F. Harrington was sheriff of the city of St. Louis for the years 1885, 1886, 1887 and 1888. He died in the year 1892, and plaintiff was thereupon appointed his administrator, and duly qualified as such. The defendant John H. Pohlman succeeded Harrington as sheriff. The petition then states "that, as such sheriff, said Harrington during the years 1885, 1886, 1887 and 1888, as required by law, performed the duties of his office in serving and executing process issued out of and from the circuit court of the city of St. Louis, the criminal court, and the court of criminal correction, and the probate court of the city of St. Louis, and other courts of the state; that for such services there were earned by him, and accrued to him as such sheriff, during said four years divers and sundry fees for serving and executing process issuing out of said several courts, the amounts and items of which, and in which years of his said term of service the same accrued, are unknown to him, but which said fees, aggregating the sum of $1,900, were received and collected by said Pohlman as sheriff, as hereinafter stated, and no part whereof has ever been

paid to said Henry F. Harrington or to anyone in his behalf; that the same are still in the hands of said Pohlman undisposed of."

The petition then, after stating that Pohlman was elected and acting as sheriff for the years 1889 and 1890, proceeds: "Said Pohlman during said period of 1889 and 1890 collected for said sheriff Harrington divers and sundry fees for services so rendered by said Harrington, and which have been allowed and taxed in his favor for services so performed and rendered by him as such sheriff in the execution and performance of his duties as such, the items and particulars of which, and during which years of his said term of service the same accrued, are not known to the relator, but are fully known by said defendant Pohlman, and preserved and recorded in proper books kept by him as such sheriff and as required by law, but not accessible to relator. Wherefore plaintiff is unable to make a more definite statement of such fees, and asks and demands that the said defendant Pohlman make full disclosure and exhibit as to such fees. Plaintiff further states that said defendant Pohlman failed to pay over said fees to said Henry F. Harrington, and that they remained due and unpaid to him, and are still due and unpaid."

"Plaintiff further states that said Henry F. Harrington, as such sheriff as aforesaid, during each and every year of each term when he held said office as sheriff as aforesaid was entitled to a salary of $10,000 per annum, and that he did not collect of the fees earned by him as aforesaid in any one year of either of said terms of office more than $8,100 after payment of his deputies, and the expenses of his office, leaving due to him on account of his salary in each year of each term as aforesaid the sum of $1,900 on account of his said salary; that he earned his fees as aforesaid,

and the defendant Pohlman as his successor in office has collected said fees as aforesaid which said Harrington had earned, and that to the extent of $1,900, which was the deficiency in said Harrington's salary for each and every year of his two terms of office, the said fees so collected by said Pohlman were applicable in order to make such deficiency in his, said Harrington's, salary."

Section 13 of article 9 of the constitution provides: "The fees of no executive or ministerial officer of any county or municipality, exclusive of the salaries actually paid to his necessary deputies, shall exceed the sum of $10,000 for any one year. Every such officer shall make return, quarterly, to the county court of all fees by him received, and of the salaries by him actually paid to his deputies or assistants, stating the same in detail, and verifying the same by his affidavit; and for any statement or omission in such return, contrary to truth, such officer shall be liable to the penalties of willful and corrupt perjury."

In 1879 the legislature passed an act to carry into effect this section, as far as the sheriff of the city of St. Louis was concerned. By the first section of that act it is made the duty of the sheriff to keep a full itemized account of all fees, *commissions and emoluments* accruing to him by virtue of his office, and of all expenses, including the pay of his deputies, incurred by him in discharge of the duties of his office. Section 2 makes it the duty of the circuit court of St. Louis to audit the sheriff's account. Section 3 of the act provides: "Such sheriff, out of the fees, compensation and emoluments of his office, may, for each year of his term of office, receive and retain the sum of $10,000, over and above all such expenses as shall be allowed to him in his settlements above provided for; and all fees, compensation and emoluments which

shall be collected by any sheriff, *or by his successor for him*, in excess of the amount which such sheriff may so receive and retain, shall be paid to the treasurer of the city of St. Louis for the use of said city."

The above constitutional provision and statute were construed by the supreme court in *Harrington v. City of St. Louis*, 107 Mo. 327. Their proper meaning was held to be that the sheriff was not entitled to a salary of $10,000 at all events, but that he was entitled to a salary not exceeding $10,000 for any one year; that each year of the official term stands by itself, and could not be helped out in its deficiency by any surplus earning of a succeeding year of the same term. It was also held that the receipts for a year are composed of the fees and emoluments earned and collected during that year; and, also, of the fees and emoluments earned during the year, *but collected during a subsequent year;* in other words, the fees of a particular year are those *earned during that year, no matter when collected.*

Taking the case cited in connection with the case of *Thornton v. Thomas*, 65 Mo. 272, which intimates that, under a similar constitutional provision, the successor of an officer might in case of a deficiency in the money actually collected by his predecessor, be held as trustee for him to the extent of certain fees collected by such successor, which were earned by his predecessor, and giving effect to the expression in the act of 1879, to wit: "*or by his successor for him*," it would seem to follow that the petition would have stated a good cause of action, if it had been broad enough in its averments to include *all fees, commissions, compensation and emoluments*, which Harrington as sheriff earned during the respective years of his two terms of office. We are, however, bound to take judi-

cial notice of the fact, which is evidenced by public statutes, that there are commissions and emoluments incident to the office of sheriff of the city of St. Louis, which may exceed during any one year of the sheriff's official term the amount sued for herein, and which are not the result of his serving process issued by the various courts enumerated in the petition. The evident meaning of both the constitutional provision and the statute is that the compensation of the officer shall not exceed $10,000 per annum from *all sources of revenue incident to his office.*

The plaintiff contends that the allegations of the petition are broad enough even in that view of the law, because the word "fees" used in the petition in its broader sense may be held to include commissions and emoluments. The vice of that argument is that the meaning of the word "fees," as used by the pleader, is expressly restricted in the petition. The pleader starts out by stating that the fees which accrued to Harrington were for services rendered in executing the process of certain courts, and whenever reference is made in subsequent parts of the pleading to such fees, or services, the term is always coupled with the words "as aforesaid," or words of equivalent meaning.

It results from the foregoing that, in any view of the case, all the facts stated in the petition *may be true* without showing that the plaintiff is entitled to any relief, and, as this is the test of a petition on demurrer, the court did not err in adjudging the petition insufficient.

All the judges concurring, the judgment is affirmed.