ALLEN V. COWAN *et al.*, *Plaintiffs in Error.*

Circuit Court Clerk : FEES : STATUTE. The fees earned by a clerk of the circuit court each year of his term, although not collected in the year in which they are earned, are applicable when collected to the payment of his salary and for deputy-hire as fixed by law. (R. S. secs. 5626, 5627, and acts amendatory thereto).

*Error to Phelps Circuit Court.*

AFFIRMED.

*L. F. Parker* for plaintiff in error

The demurrer should have been sustained and the bill dismissed. It was the duty of the defendant below under Revised Statutes, section 5626, to collect all fees due the clerk by whomsoever and whensoever earned, and to report such collections to the county court in which is vested supervisory power over the trust. And the statute clearly sets out the disposition to be made of this fund, viz. : (1) The clerk is permitted to retain "all necessary clerk or deputy-hire," not to exceed the amount allowed by law. (2) He is permitted to retain the amount allowed him by section 5627 (as amended by Acts of 1883, p. 93) for his services ; and (3) the surplus, if any, must be paid into the county treasury. The position of plaintiff throughout is based upon the mistaken assumption that fees earned by a clerk belong to the clerk who earns them, whereas under the present law he collects them merely as agent or trustee for the public, to be applied to the purposes to which the law has destined them.

*E. Y. Mitchell* for defendant in error.

(1) Trusts created by statute or arising out of the operation of law, when there is no adequate remedy by law for the abuse thereof by trustees, and when the construction of the law creating the same is involved, are proper subjects for the interposition of courts of equity. And such courts have exclusive jurisdiction of trusts, whether they are implied or expressed, direct or constructive, created by the parties or resulting by operation of law. See 1 Story's Eq. [7 Ed.], sec. 960, p. 273. (2) An examination of the acts of the legislature bearing on the question here involved and the history of the enactments show that it was not intended to deprive a clerk who had earned his fees of his compensation arising therefrom and allowed by law.

NORTON, C. J.—This case is here on defendants' appeal from the action of the circuit court in overruling their demurrer to the petition and rendering judgment for plaintiff. The sole proposition which the record presents for our determination is this, viz. : Can the fees earned by a circuit clerk, each year he was clerk, though not collected in the year they were earned, be applied when collected to the payment of his salary as clerk, and for deputy-hire, as fixed by law? An affirmative answer to this proposition affirms, and a negative answer reverses, the judgment of the circuit court.

The solution of the question propounded depends on the constitutional and statutory provisions hereinafter referred to. Previous to the adoption of the constitution of 1865, the clerks of circuit courts were entitled to receive, without limit as to amount, all fees earned by them, whenever collected. By section 24, article 6, of the constitution of 1865, this right was so limited and restricted as to forbid such a clerk from applying to his own use from the fees and emoluments

Allen v. Cowan.

of his office, a greater sum annually than twenty-five hundred dollars, after paying out of such fees and emoluments, such amounts for deputies and assistants in his office as the court of which he was clerk might deem necessary, and that all surplus of such fees and emoluments over that sum, after paying amounts so allowed, should be paid into the county treasury for the use of the county.

To carry out this constitutional provision the legislature, in the Acts of 1868 (p. 54), provided that the clerks of the several courts, at the end of each year, should deliver to the judge or judges of their courts a statement in detail, under oath, showing the aggregate amount of all official fees received by them as clerks during the year last past. By this act, it is made the duty of the courts to examine such statement, and if the same exceed the sum of twenty-five hundred dollars, after deducting such sum or sums for assistants and deputies in his office as the court may allow, to order the clerk to pay the surplus into the county treasury. In 1874, the said act of 1868 (R. S. 1879, secs. 5626, 5627) was so amended as to require clerks of courts of record to make quarterly returns to the county courts. It was further amended by classifying the counties according to population, and fixing the amount that the clerks in each class of counties should be permitted to retain, and allowed to pay deputies and assistants.

In 1883 (Acts 1883, p. 93) the act of 1874 was amended, increasing the amounts authorized to be retained by clerks for deputy-hire. The obvious intent of the constitutional and statutory provisions above referred to was to fix the annual compensation which a clerk of a court of record might receive out of the fees and emoluments of the office, and the amount of such fees which he might appropriate to the payment of deputies and assistants. If the fees of the office of clerk annually earned by him amounted to a sum sufficient to

pay his salary, and the compensation allowed to be paid deputies and assistants, he would have the undoubted right so to apply the same when collected. In *Thornton v. Thomas*, 65 Mo. 272, it was held that the fees of the office constituted a trust fund to be applied in the payment of deputies and assistants and the salary of the clerk fixed by law, and the surplus, if any after such payments, to be paid into the treasury of the county.

The question as to whether one of these trusts would be to supply any deficiency in the receipts of a former year to cover expenses and salaries was neither before the court nor decided in that case. If the annual fees earned by a clerk, as is held in the case above cited, are chargeable with a trust in favor of such clerk to the extent of his salary and the compensation allowed his deputies, it logically follows that whenever collected they should be applied to the discharge of that trust. This deduction is consonant not only with reason but the justice of the case. Under any other ruling a clerk might in a given year earn in fees a sufficient amount to pay his salary, and be deprived of a large part of it if he failed to collect the whole of the fees so earned either because earned in suits which were not determined during the year or from any other cause.

The views above expressed return an affirmative answer to the proposition stated, and result in an affirmance of the judgment, and it is hereby affirmed. All concur except RAY, J., absent.