E. H. LYCETT, Respondent, v. C. D. WOLFF, Appellant.

St. Louis Court of Appeals, May 19, 1891.

1. **Clerks of Circuit Courts :** RECOVERY OF COMPENSATION. The fees earned by the clerk of a circuit court are·chargeable with a trust in his favor to the extent of his salary ; and if fees earned by him are collected by his successor, and his salary remains partially unpaid, he can recover the same from such successor to the extent to which his salary remains unpaid, if payment thereof is refused ; nor need the action be on the official bond of such successor.

2. ——— : ——— : PLEADING. A statute provided that the clerk of the circuit court should receive a salary of $2,250, in every county having a population of thirty thousand and less than forty thousand. *Held* that, in a suit by a clerk for that salary, it was sufficient for him to allege that his salary was $2,250, without further alleging that the population of his county was within said limits.

3. **Pleading :** EFFECT OF VERDICT. If a matter material to the plaintiff 's cause of action is not expressly averred in the petition, but is necessarily implied in what is stated therein, the objection thereto must be taken by demurrer or motion ; such objection cannot be made at the trial by an objection to the evidence, and is cured by a verdict.

4. **Clerks of Circuit Court :** ACTION FOR COMPENSATION : EVIDENCE. The law regulating the salaries of clerks of circuit courts required every clerk to make out annual statements, stating the amount of each fee received by him, and to file the same each year with the county clerk, and required the county court to examine every such statement, to deduct all amounts necessarily paid to deputies, and, if there remained in the hands of the clerk an amount in excess of his salary, to order the payment of such excess into the county treasury. *Held,* that such statements were admissible in a suit, involving the question how much of the clerk's salary remained unpaid, in order to show the amounts collected by the clerk and the amounts allowed by the county court for the salaries of deputies ; and, *held,* further, that the admissibility thereof was not affected by the fact that the clerk had, on the expiration of his office, taken to his residence the book of the office containing the original entries of the fees collected by him, and that the same had been lost or destroyed.

5. ——— : ———. The statute regulated the fees of clerks of the circuit court according to the population of counties, and provided that such population should be ascertained by the last state or United States census. A county was subdivided into two parts, each having such a clerk. There was no census whatsoever of either subdivision separately until the middle of the term of office of the clerk for one of those subdivisions, when a United States census was made. *Held*, in a suit wherein the salary of that clerk for his entire term was in issue, that both the United States census so taken of the subdivisions separately, and the last preceding United States census of the entire county, were admissible in evidence upon that issue.

*Appeal from the St. Louis County Circuit Court.*
Hon. W. W. Edwards, Judge.

Affirmed.

*Geo. W. Royse*, for appellant.

*Jno. R. Warfield*, for respondent.

Biggs, J.—This case is here on the defendant's appeal. The plaintiff was elected to the office of circuit clerk of St. Louis county, at the November election, 1878. He was inducted into office on the first day of January, 1879, and performed the duties pertaining to such position for the term of four years. In the petition it was alleged that the plaintiff, as such clerk, was entitled under the law to receive out of the fees earned by him during his term of office the sum of $9,000, that is a yearly salary of $2,250 ; that, during the time he held the office, he only received of the fees collected by him, on account of his salary, the sum of $8,070, leaving a balance of $930 due on his salary for the four years ; that, at the expiration of his term, he had earned as clerk a large amount of fees which had not been collected ; that the defendant was his successor in office, and had collected the sum of $930 of the fees so earned, and had refused to pay them to the plaintiff.

The defendant's answer was a general denial. The cause was submitted to the court without the aid of a jury, and the trial resulted in a finding and judgment in the plaintiff's favor for the sum of $1,033.85.

If there is substantial evidence in the record to authorize the judgment, and no errors intervened at the trial, the judgment of the circuit court must be affirmed, for the reason that a right of recovery based on similar facts was upheld by the supreme court in the case of *Allen v. Cowan*, 96 Mo. 193. The court in that case, after referring to the statutory provisions fixing the annual compensation which a clerk of a court of record might receive out of the fees and emoluments of the office, said : "In *Thornton v. Thomas*, 65 Mo. 272, it was held that the fees of the office constituted a trust fund, to be applied in the payment of deputies and assistants, and the salary of the clerk fixed by law, and the surplus, if any, after such payments, to be paid into the treasury of the county. The question, as to whether one of these trusts would be to supply any deficiency in the receipts of a former year to cover expenses and salaries, was neither before the court nor decided in that case. If the annual fees earned by a clerk, as is held in the case above cited, are chargeable with a trust in favor of such clerk to the extent of his salary, and the compensation allowed his deputies, it logically follows, that, whenever collected, they should be applied to the discharge of that trust."

The defendant's first assignment of error pertains to the action of the court in permitting the plaintiff, against defendant's objection, to introduce any evidence under his petition. It is claimed that the petition is defective, because it contained no allegation that St. Louis county contained thirty thousand inhabitants at the time the plaintiff was elected clerk. We are of the opinion that the petition was good without this averment. The law fixing the plaintiff's salary as clerk, and which must govern us in disposing of this case, was

adopted by the legislature at its adjourned session in the year 1874. Session Acts, 1874, p. 63. The first section of the act provides that every clerk of a court of record shall make out annual statements, verified by his affidavit, stating the amount of each fee received by him during the year, etc., and file the same at the first session of the county court in each year. It is made the duty of the county court to examine such statements, deduct all necessary amounts paid to deputies, and if there still remains in the hands of the clerk a sum exceeding the salary allowed him by the second section of the law, then the court must make an order directing such excess to be paid into the county treasury.

The second section reads : "The aggregate amount of fees that any clerk of a court of record shall be allowed to retain shall not in any case exceed the amounts hereinafter set out. In all counties having a population of forty thousand persons or over, the clerks shall be permitted to retain $2,500. In all counties having a population of *thirty thousand, and less than forty thousand, persons,* the clerk shall be allowed to retain $2,250. In all counties having a population of eighteen thousand or over, and not exceeding thirty thousand persons, the clerks shall be allowed to retain $2,000 ; and in all other counties the clerk shall be allowed to retain the sum of $1,500 per year,—*in all cases the population to be ascertained from the last state or United States census.*" It was alleged in the petition that the plaintiff's salary was $2,250 per annum; that he did not collect of the fees earned by him as clerk a sufficient amount to pay his deputies, and the amount of salary allowed him by law ; that the defendant as his successor in office had collected a large amount of fees which the plaintiff had earned, and that, to the extent of the deficiency in plaintiff's salary, the defendant held the money so collected in trust for him. These averments were sufficient to show a cause of action.

But, if it be conceded, that it was necessary to allege that St. Louis county contained a population exceeding thirty thousand people, it would avail the defendant nothing, because such an averment is fairly implied from the other allegations. The rule is, "that if a matter material to plaintiff's cause of action be not expressly averred in the petition, but the same be necessarily implied from what is expressly stated therein, the defect is cured by the verdict." In such a case a defendant must make his objection either by demurrer or motion. He cannot make it at the trial by objection to the introduction of evidence. A plea to the merits waives such an objection. *Hurst v. City of Ash Grove*, 96 Mo. 168; *Grove v. City of Kansas*, 75 Mo. 672; *Bowie v. City of Kansas*, 51 Mo. 454; *Elfrank v. Seiler*, 54 Mo. 134.

There is no merit to the further objection to the petition, that the action ought to have been on the defendant's official bond. This point has been decided adversely to the defendant's contention by the supreme court in the very recent case of *Cole Co. v. Dallmeyer*, 101 Mo. 57. The first assignment will, therefore, be ruled against the defendant.

In compliance with the provisions of the statute the plaintiff made annual statements to the county court, properly verified, showing in detail and in the aggregate the amount of fees received by him, and on what account, and the various amounts paid to deputy clerks. The book in which these fees were originally entered was, according to the plaintiff's evidence, either lost or destroyed. The plaintiff testified that, when his term of office expired, he took the book to his residence under the belief that it was his private property, and that it had been since lost or destroyed.

The court permitted the plaintiff, against the defendant's objection, to read in evidence these annual statements for the purpose of establishing the amount of fees collected during each year, and the amounts

allowed by the court for salaries to deputies. This action of the court constitutes the second assignment of error.

The sum or substance of this objection is, that the removal of the fee book by the plaintiff was a misdemeanor under the law, and that, as the record was lost by reason of this criminal act, he will not be allowed to prove its contents by secondary evidence. We have not been advised exactly of the legal grounds on which this objection rests, but under our view it will not be necessary to discuss it. If we concede that the law required the plaintiff to keep a fee book, in which all fees collected by him should be entered, yet such fee book could not even *prima facie* determine the extent of the plaintiff's right of recovery. The extent of the plaintiff's right of recovery was to be determined by the net amount of fees with which he became chargeable, after all allowances made to him for the expenses of the office were deducted, and such allowances, as far as the record discloses, could only be shown by the statements which he filed with the county court. These statements for certain purposes were as much primary evidence, as the fee book, if extant, would have been for other purposes. Neither of the two stood upon the footing of a conclusive judicial record. The statements, which were offered in evidence, contained a detailed account of all the fees received by the plaintiff, and, being offered by him without explanation, were conclusive admissions *against him* that he had received so much fees. They were not conclusive in his favor that he had received no more. The defendant was at liberty to surcharge these statements by showing that the plaintiff had received more fees than what he had charged himself with, and was not confined, in showing this, to the fee book. The plaintiff testified that the fees shown by such statement were all the fees he received, and this statement was not contradicted or impeached by the defendant in any manner, nor is there

any evidence in the record that it would have been impeached by the production of the fee book. Conceding that the fee book was lost by the plaintiff's negligence, yet we cannot see how that can aid the defendant in any manner, since the rule that evidence suppressed is presumed to be adverse to the party suppressing it is applicable only to the case of wilful suppression or spoliation, and not to a case of accidental loss.

The plaintiff also read in evidence like statements made by the defendant to the county court, in which he stated that he had collected fees earned and claimed by the plaintiff, which amounted in the aggregate to $899. The defendant also objected to the reading of these statements as evidence. What we have already said in the preceding paragraph is applicable here. However, the competency of the defendant's statements as evidence might be placed on the ground, that they contained admissions by him, that he had received that amount of money, which had been earned by the plaintiff. *State ex rel. Koch v. Roeper*, 82 Mo. 57.

The court admitted in evidence the United States census for the year 1870, showing the population of St. Louis county, and thereby determining the amount of salary to which the plaintiff was entitled. The law expressly fixed this method of determining the question; but it is earnestly urged by the defendant's counsel that this rule of evidence cannot be applied in the present action for the reason, that, after the census was taken, and prior to the defendant's election, the "scheme and charter" was adopted, by which a portion of St. Louis county was included within the city limits. Hence, the argument is made that the census of 1870 furnished no evidence of the number of inhabitants in St. Louis county in the absence of additional evidence of the number of people living in the detached territory. This argument presents a practical difficulty in the settlement of the present controversy, and it shows a lameness, or hiatus,

in the law itself. But we cannot conceive upon what principle the circuit court would have been justified in refusing to apply a rule of evidence which had been established to govern *all* cases. The difficulty could only have been surmounted by an enumeration of the inhabitants within the detached district, which the circuit court had no right to have made. By admitting the census in evidence, the court pursued the only course open to it.

The court also admitted in evidence the census of 1880, to which the defendant objected. The census was taken about eighteen months after the plaintiff's election, and it showed that St. Louis county then contained thirty-one thousand, eight hundred and eighty-eight inhabitants. It is insisted that this evidence was incompetent and irrelevant. We do not think so. At the time this census was taken, the plaintiff's term of office had not expired, and the amount of salary to which he was entitled after that time was a material issue in the case. Now this salary, by reason of the constitutional inhibition (Const. of 1875, art. 14, sec. 8), could not, .probably, be *increased* during the plaintiff's term of office, but we do not see why a falling off in the population of the county, if the census subsequently taken so. showed, might not, under the law of 1874, work a *decrease.* Hence, the census of 1880 was competent and relevant testimony.

The court admitted in evidence the statements of the county clerk of the county, showing that he had been allowed during the same term a salary of $2,250. This evidence is claimed by the plaintiff's counsel to have been admissible on the ground, that it had some tendency to show that St. Louis county had over thirty thousand inhabitants during that time. This position is certainly untenable. The statute made the last state or United States census the only competent evidence to prove that fact. The admission of the evidence, however,

was harmless, and does not justify a reversal of the judgment.

There are some other matters discussed in the briefs of counsel to which we do not think it necessary to refer. We have gone through the record with care, and find nothing that would authorize us to disturb the judgment. With the concurrence of the other judges, it is affirmed. So ordered.