CALLAWAY COUNTY v. HENDERSON, *Appellant.*

Division One, December 23, 1893.

1. **Practice:** APPEAL: EXCEPTIONS. A party who does not move for a new trial or take an appeal is not entitled to have rulings adverse to him reviewed on the appeal of the other party, although proper exceptions were saved to such adverse rulings.

2. **County Clerk:** FEES: COMPENSATION. Revised Statutes, 1889, section 5010, which restricts the fees of a county clerk in specified counties to $1,800 a year includes the amount allowed him by the county court for compensation for keeping the county's account with the treasurer and other services under section 3207, and he cannot retain such allowance in addition to the $1,800.

3. ———: ———: ———. The act of April 12, 1889 (Laws p. 118), which limits the fees to be retained by such county clerk for his services to $1,500 was repealed by the adoption of Revised Statutes of 1889, section 5010, which went into effect November 1, 1889, fixing the limit at $1,800, and hence during the year 1890 the clerk was entitled to retain $1,800.

*Appeal from Callaway Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*Snell, Taylor,* and *Bailey & Tincher* and *I. W. Boulware* for appellant.

(1) The appeal taken from the action of the county court to circuit court should have been dismissed. The county court passed on the questions involved, and could not appeal from its own act, ruling and judgment. It had power to transact all county business. Const. 1875, sec. 36, art 6; Revised Statutes, 1889, sec. 3185. (2) If the approval of the return of the clerk in reference to

his fees be simply a ministerial or an administrative act of the county court, then no appeal can be taken from such act. *Setheron v. County Court*, 9 Mo. 117; *Saline County v. Thompson*, 45 Mo. 384; *County of St. Louis v. Spark*, 11 Mo. 201; *Railroad v. St. Louis*, 92 Mo. 160; *Sheridan v. Fleming*, 93 Mo. 321; *Lacy v. Williams*, 27 Mo. 280; *Cole County v. Dallmeyer*, 101 Mo. 57; *Sears v. Stone Co.*, 105 Mo. 236. (3) The orders of county court made in the settlement with the clerk, and by which the amount of fees to be retained by the clerk, and the amount to be paid by him into the county treasury, are determined, partake of the nature of judgments; they cannot be treated as of no consequence. *State to use v. Hickman*, 84 Mo. 74; *State ex rel. v. O'Gorman*, 75 Mo. 370; *Cole Co. v. Dallmeyer*, 101 Mo. 64. (4) If appeal in the case was allowable, it was prematurely taken. Revised Statutes, 1889, secs. 3177, 3180. The method of procedure in this matter is a summary one. The well-settled rule in such cases is, that the statutes which give a remedy must be strictly pursued even in courts of general jurisdiction,—compliance with every essential prerequisite of the statute conferring the authority must affirmatively appear on the face of the proceedings had, or else they will be possessed of no validity whatever. Inferior courts, not proceeding in course of the common law, are confined strictly to the authority given,—as to amount, time, manner and subject-matter. *Railroad v. Campbell, Nelson & Co.*, 62 Mo. 585; *Cunningham v. Railroad*, 61 Mo. 33; *Hamberger v. Railroad*, 43 Mo. 196; *Bersch v. Schneider*, 27 Mo. 101; *Book v. Earl*, 87 Mo. 246. (5) County courts have only such powers as are granted, defined and limited by law. *St. Louis v. Alexander*, 23 Mo. 483; *Walcott v. Lawrence Co.*, 26 Mo. 272; *Steines v. Franklin Co.*, 48 Mo. 167; *Valle v.*

*Fleming*, 19 Mo. 454; *Bauer v. Franklin Co.*, 51 Mo. 205; *Saline Co. v. Wilson*, 61 Mo. 237. (6) The allowance of the $400 to the clerk by the county court, under article 4, chapter 45, of the statutes, 1889, page 807, as compensation for services under said article, was a judicial discretionary act of the county court. The amount of compensation is not fixed by law—is not "fees"—and, unless the facts show that this discretion was erroneously or corruptly exercised, the circuit court, nor this court, will review, alter or change same. *In re Wilson*, 95 Mo. 184; *Carr v. Moss*, 87 Mo. 447; *Nolan v. Brewster*, 17 Mo. App. 497; *Railroad v. St. Louis*, 92 Mo. 165; Revised Statutes 1889, secs. 1210, 1102.

*N. D. Thurmond* for respondent.

(1) The quarterly returns made by the clerk were not judgments, but were simply statements made by the clerk designed under the law to indicate to the court the amount of fees in his hands for those quarters. Revised Statutes, 1889, secs. 5009, 5010. A judgment is the conclusion of law upon facts found or admitted. Bouvier's Law Dictionary, Judgment. A final judgment is one which puts an end to a suit. Bouvier. (2) The ordinary settlements of the county court with county officers are not judicial. *State v. Roberts*, 60 Mo. 402; *State v. Roberts*, 62 Mo. 338; *Cole Co. v. Dallmeyer*, 101 Mo. 57; *State v. McGonigle*, 101 Mo. 353. (3) Even though the settlement of the county court with an official is entered upon the records of the court, it is not a judgment at law, but the statement of his account as adjusted between him and the county, and any mistake in that settlement properly proved is open to correction and in the same manner as though it were made with an individual. *Marion Co. v. Philips*,

45 Mo. 80; *Owens v. Andrew Co.*, 49 Mo. 376; *State to use v. Roberts*, 60 Mo. 404. (4) The collector may be required to account for all items improperly omitted in the previous quarterly settlement and may be proceded against for neglecting to do so, for it is his official duty thus to account, and the matter is not passed beyond the jurisdiction of the court. *Owens v. Andrew Co.*, 49 Mo. 379. (5) The final or annual settlement made with any officer by the county court is different from the stated settlements. made on the presentation of the officers' accounts, and is undoubtedly judicial in its character. *Cole Co. v. Dallmeyer*, 101 Mo. 63, 64; *Owens v. Andrew Co.*, 49 Mo. 372. (6) If a clerk fails to make stated settlements he can be forced to do so, or the court can proceed under sections 3177–3180, Revised Statutes, 1889. The statute does not definitely designate when the county court shall make an annual or final settlement with county clerks but inferentially designates the end of the year as the time. Sec. 5009. (7) Orders of the county court made under sections 3177–3180 are judgments. *Owens v. Andrew Co.*, 49 Mo. 376. (8) The county, as a party in interest, had the right to appeal from the decision of the county court. "The circuit court has appellate jurisdiction from the judgments and orders of the county courts * * * in all cases not prohibited by law, and shall possess a superintending control over them." Revised Statutes, sec. 3317. (9) The finding of the circuit court was correct, so far as it applied to the quarterly returns for the year 1890, as there was no dispute as to the fees received for that year. The county court erred in allowing the clerk $400 in excess of the salary of $1,500 fixed by law, also in not reviewing all the quarterly reports made by the clerk for the eight years he was clerk. (10) The finding of the county court for the years 1887, 1888, 1889 and 1890 was a final

judgment, from which the county could appeal.  (11) The circuit court erred in not trying the case anew, and giving a judgment and making a final settlement for the whole eight years.  (12)  The item of $177.25 claimed by the clerk to have been paid into the county treasury by mistake can and should be adjusted by the county court, and the circuit court so held although there is no record of it in the transcript.  There was no contention on that point in the circuit court.  (13)  If the court should think proper to reverse this case, the respondent suggests that the case be remanded with instructions to the circuit court to review the action of the county court, and try the case anew and enter up the proper judgment thereon, or that the circuit court direct the county court to enter up such judgment as may be proper.

BLACK, P. J.—The defendant James D. Henderson was the duly elected and qualified clerk of the county court of Callaway county for two official terms of four years each, extending from the first Monday in January, 1883, to the first Monday in January, 1891.  On the sixth of April, 1891, the prosecuting attorney filed a motion in the county court to require Henderson to account for fees received during both terms.  At the time of filing the motion Henderson had filed no statement of fees received for the last quarter of 1890.  He appeared in the county court and in answer to the motion filed an abstract of his accounts, showing the fees received by him, and the amounts paid out to his deputy and assistant during the year of 1890.

The county court, on the hearing of the motion, took up the statements filed by the clerk during the four years of the last term, and found the clerk indebted to the county for each year, except the last one; but the court refused to go over the statements filed during

the first term. From the judgment entered on this finding the prosecuting attorney appealed to the circuit court.

On the trial of the cause in the circuit court, the prosecuting attorney offered in evidence the different statements made by the clerk during the seven years prior to 1890. The court, on an inspection of the statements or reports and the orders of the county court approving them, held that the orders of approval were judgments, and therefore conclusive as between the county and the clerk, and for this reason excluded the statements, to which ruling the prosecuting attorney excepted. The prosecuting attorney then read in evidence the quarterly statements for 1890, including the abstract of accounts before mentioned. On this and some other evidence the court found that Henderson had received during the year 1890, fees to the amount of $3,125.52; that he had paid for deputy clerk services $700, and to an assistant the further sum of $550; that he was entitled to $1,500 for his own services, and ordered him to pay the excess of $375.52 into the county treasury. From this judgment Henderson appealed to this court.

1. The prosecuting attorney insists here that the orders made by the county court approving the various quarterly statements were not judgments; and that the circuit court should have reviewed the accounts for the eight years, and determined what, if any, amount the clerk collected in each year, in excess of that allowed by law.

It is to be observed in the first place that these statements rendered prior to that year 1890, are not found in the record before us. All we have is the statement that they were offered in evidence. But a full and complete answer to all of these claims of the prosecuting attorney is that the county did not appeal

from any of the rulings of the circuit court. It is true the prosecuting attorney during the trial saved exceptions to the ruling of the court, in excluding the statements for the seven years prior to 1890, but he filed no motion for a new trial and took no appeal. The county has nothing in this record upon which to base any complaint. Whether the orders, or any of them, made prior to 1890, approving the statements, are to be deemed judgments is a question with which we have no concern on this appeal. We are, on this record, only concerned with the adjustment of the accounts for 1890.

2. Coming now to the appellant's case, it is proper to say we shall notice only those points urged on the argument; for the other points made in his briefs were in express terms abandoned.

The first claim is that the circuit court erred in not allowing the clerk an item of $400. Article 4 of chapter 45 concerning "county treasurers and county warrants" makes it the duty of the county clerk to keep regular accounts between the treasurer and the county, and to perform various other duties. Section 3207 of that article provides: "The court shall allow the clerk of the county court, for his services under this article, such compensation as may be just and reasonable." For services rendered in 1890, under said article 4 of chapter 45, the county court allowed the clerk $400. He now insists that he has the right to retain this amount in addition to the $1,800 specified in section 5010, Revised Statutes, 1889.

Section 5010 is a part of chapter 64, being the act relating to fees. It provides: "The aggregate amount of fees that any clerk under this chapter shall be allowed to retain for any one year's services shall not in any case exceed the amount hereafter set out. * * * In all counties having a population of twenty

thousand and less than thirty thousand persons, the clerks shall be permitted to retain $1,800 for themselves, and to be allowed to pay for deputies and assistants not exceeding $1,000.''

The point of the appellant's contention is this, that the words, ''the aggregate amount that any clerk under this chapter shall be allowed to retain for any one year's services'' mean the fees specified in other sections of that chapter, and do not include the fees allowed by some other statute, and that therefore the clerk has the right to retain the $400 in addition to the $1,800.

We do not agree to such construction of those words. The preceding section (5009) makes it the duty of clerks of courts of record to render to the county court quarterly statements of fees received and salaries paid to deputy clerks and assistants. Such statements must include ''all fees for all services of whatever character, done in his official capacity,'' and it is then made the duty of the county court to examine the statements and allow the necessary clerk and deputy hire, ''not exceeding the amount allowed by the next succeeding sections'' and deduct the sum ''from the aggregate amount received by the clerk,'' and, if there is an excess in his hands over the ''sums specified in the next section succeeding,'' to order the excess to be paid into the county treasury.

From this section it is plain the clerk must report *all fees for all services* rendered in his official character; and it is equally clear that he can only retain for himself $1,800. It is true section 3207 speaks of *compensation*, the amount to be determined by the court, while section 5009 speaks of *fees*; but the word fees as here used includes the compensation mentioned in the other section. ''Fees are a reward or wages given to one as a recompense for his labor and trouble for the execu-

tion of his office or profession, as those of an attorney or physician." 7 Am. and Eng. Encyclopædia of Law, p. 819; Bouvier's Law Dictionary.   Our conclusion is that the clerk is not entitled to the $400 in addition to the $1,800.   The latter amount is all that he can retain, no matter under what law the receipts of his office were earned.

3. The acts of the twenty-first of March, 1883, of the thirtieth of March, 1887, and of the twelfth of April, 1889, all limit the amount of fees which a clerk may retain for one year to the sum of $1,500, and the amount which he may pay out for deputies and assistants to $1,250, in counties of the population before mentioned.   Under section 8, of article 14, of the constitution, the compensation of the clerk cannot be increased during his official term.   The amounts, therefore, which he may retain for 1890 are $1,500 for himself and $1,250 for deputy hire.

4. The record shows that the appellant received during the year 1890, $3,125.52. He should be allowed for his own services $1,500; for deputy and assistant hire, $1,250; and $177.25 paid by him into the county treasury, leaving in his hands only $198.27.   The judgment is, therefore, reversed and the cause remanded.
BARCLAY, J., absent.   The other judges concur.