## CORBIN, Appellant, v. ADAIR COUNTY.

### Division Two, January 9, 1903.

1. **Appellate Jurisdiction:** COUNTY AS A PARTY.  The appeal where a county is a party is to the Supreme Court.

2. **Circuit Clerk:** FEES: SETTLEMENTS: MISTAKE AS TO LAW: AFTER SEPARATION FROM OFFICE OF RECORDER.  Where a circuit clerk under a mistaken view of the law as to his right to the fees earned by him before but collected after the separation of the offices of circuit clerk and recorder, makes a settlement with the county court, in pursuance of which he pays into the county treasury all the fees earned by him prior to the separation, and thereby did not retain enough fees to pay his own salary for the period covered by the settlement, he can not, in a suit against the county, recover such fees.

3. ——: ——: ——: ——: ——: RETAINING FEES SUBSE-QUENTLY COLLECTED.  Fees earned by a circuit clerk when collected by him or his successor, or by the sheriff or his successor, may be retained by him until the salary allowed him by law has been paid, although not collected when he makes settlement with the county court showing how much fees he has earned during the period covered by his settlement.  The fact that he paid into the county treasury fees which at that time he was entitled to retain does not prevent him from holding back the amount from fees afterwards collected, but he can not recover such amount from the county because, under a mistaken view of the law as to his right to such fees, he turned them over to the county treasurer.

Transferred from Kansas City Court of Appeals.

CIRCUIT COURT JUDGMENT AFFIRMED.

*H. F. Millan* for appellant.

(1)    The salary of the clerk allowed by section 31, Laws 1891, is an annual salary.  Laws 1891, p. 152, secs. 30 and 31; Allen v. Cowan, 96 Mo. 194; Pugh v. Evans, 31 Mo. App. 290; King v. Texas Co., 146 Mo. 60.    (2) The quarterly returns of the clerk are not settlements, and can not be considered such until they show that he has received the full salary for himself and deputies for a whole year and the county court directs the surplus

Vol 171 mo—25.

paid over.   Authorities cited under pt. 1.   (3) Where the clerk is ex-officio recorder, the two offices are to be treated as one, and all fees earned in either are applicable to his salary.   Laws 1891, p. 152, sec. 30.   (4) The fees of the office are a trust fund, held by the clerk, first to pay deputies; second to pay his salary; third to pay balance to county.   Thornton v. Thomas, 65 Mo. 272; Lycett v. Wolf, 45 Mo. App. 489; Allen v. Cowan, 96 Mo. 193.   (5)   If plaintiff is precluded by any proceeding, it is not because the action of the county court is a judgment, because in these matters they are simply the financial agents of the county.   Their action is not a judgment, and no appeal would lie therefrom.   Scott Co. v. Leftwich, 145 Mo. 26.   But if precluded, it must be because there has been a settlement, and one which under the rules of equity can not be opened.   (6) If plaintiff collected enough during his term to pay his salary—and as defendant claims, he voluntarily and under a mistake of law, gave it away to the county, and can not recover it back—then it could not be made up to him out of fees earned by him and collected by his successor.   (7)   If, as is said in Pugh v. Evans, 31 Mo. App. 290, "The fees earned by the clerk belong primarily to the county," then what difference can it make who holds the funds before final settlement—whether the clerk holds them, or the county?   The clerk is entitled to his salary whether it is in his hands or the county's.

*W. D. Goode* and *Ellison & Campbell* for respondent.

(1)   Whatever is necessary to be alleged in a petition must be proven.   It was necessary in this case to charge fraud and mistake of fact.   They were charged.   Neither has been proven.   Both were disproven as shown by the record and the finding of the court.   (2)   When the office of clerk and recorder became separated, leaving appellant clerk, it became his duty to make final settlement as recorder, or of both up to that date, and pay into the county treasury all

surplus, which he did.   (3)   Having settled with the county court upon the division of the office, and having accounted for all surplus up to that date and all such surplus having been derived from the office of recorder, appellant can not upon and after the expiration of his office of clerk reopen his former settlements and draw from the former surplus of recorder for the purpose of reimbursing himself for deficiency or shortage in the earnings of the office of clerk.   (4)  The earned and old and uncollected fees of clerk are held by his successor (not county) as a trust fund with which to pay any deficiency in salary of such old clerk, and if such successor has knowledge of such deficit and pays them into the county treasury, such successor (not county) is liable to him.   Hugh v. Evans, 31 Mo. App. 290.  (5) In this case appellant admits there was and is over $1,200 solvent, uncollected, but collectible clerk's fees, earned by him.   (6)  For mistakes of law such settlements can not be reopened, especially where the money has been paid over and distributed.   Scott Co. v. Leftwitch, 145 Mo. 26; State ex rel. v. Ewing, 116 Mo. 129; Harrington v. St. Louis, 107 Mo. 328.   (7) The spirit of our statutes and decisions is against uprooting settlements, when consummated by paying in the money. R. S. 1889, sec. 7664; Walker v. St. Louis, 15 Mo. 563; State ex rel. v. Powell, 44 Mo. 436.

GANTT, P. J.—This is an appeal from the circuit court of Adair county.

The appeal was certified to the Kansas City Court of Appeals, but because the county of Adair is one of the political subdivisions of the State the Court of Appeals properly held it had no jurisdiction to hear and determine the case and certified it to this court.

The suit is in equity by the plaintiff, who was clerk of the circuit court and ex-officio recorder of deeds of said county from January 1, 1895, to April 19, 1898, at which last-mentioned date the said offices were duly separated and from that date on to January 1, 1899, the plaintiff was circuit clerk only.   The object of the bill

is to reopen his settlement with the county court, and to collect back from the county certain fees which he claims he paid into the county treasury, to the amount of $1,125.19. He bases his right to recover upon the footing of fraud, mistake of fact and mistake of law and fact, induced by the inequitable and erroneous conduct of the financial agents of said county, its county court.

The answer denies all the allegations of the petition, and affirmatively pleads that the plaintiff made his quarterly settlements each quarter, when due; that the same were carefully examined and approved, and the surplus fees shown on each were paid into the county treasury and by the proper officials of the county distributed to the proper funds as required by law. The charge of fraud or mistake in the said settlements is expressly negatived.

The cause was tried before Judge Shelton, and the bill dismissed.

The evidence makes it plain that the offices of circuit clerk and recorder of Adair county were separated April 19, 1898; that Adair county contained a population which entitled its circuit clerk to a salary of $1,600, and to pay for necessary deputies and assistants a further sum not exceeding $1,200. When the offices were divided the plaintiff made a final settlement of his accounts as recorder, and after deducting the sum to which he was entitled, paid over the balance to the county treasurer. The plaintiff retained sufficient moneys out of the fees received to pay his salary, and deputies, up to April 19, 1898, the date of the separation of the offices. He owed the county nothing and the county owed him nothing.

From April 19, 1898, to December 31, 1898, plaintiff as circuit clerk collected clerk's fees amounting to $795.31, of which amount he voluntarily paid into the treasury of the county $461.71, the amount of circuit clerk fees earned by him, but not collected prior to the division of the offices. The remainder, $333.60, were fees earned and collected by him after the division. During the time from April 19th to December 31, 1898, he

was earning enough to pay his salary, but had not collected it. He was of the opinion that he could not appropriate any of his old clerk's fees earned by him prior to the separation, and of his own accord paid whatever of those old fees he collected into the treasury.

He made out his quarterly statements as required by the Act of 1891 (Laws 1891, page 152), and the county court approved the same, and he paid over the balance. He now seeks by this suit to recover enough to give him his salary of $1,600. He charges fraud and mistake of fact, but the circuit court found, and his own evidence as well as that of the county judges clearly shows, that there was no mistake of fact. All of his quarterly settlements were correct, and there was no demand on him to turn over the old fees he had earned and collected. No misrepresentation or fraud was practiced on him to induce him to do so. These charges fell to the ground, and the circuit court could not have found otherwise than he did upon the proofs tendered.

It was further developed that the position in which plaintiff found himself was the result solely of a mistake he made as to the law. His settlements were made with a perfect knowledge of all the facts and are binding alike on him and the county unless they can be impeached for fraud, collusion or mistake. [State ex rel. v. Ewing, 116 Mo. 129; State ex rel. v. Shipman, 125 Mo. 436; Callaway Co. v. Henderson, 139 Mo. loc. cit. 520; Scott Co. v. Leftwich, 145 Mo. 26.]

The testimony of plaintiff further discloses that a large amount of fees are due him as circuit clerk, of which at least $1,200 are collectible and when collected by the sheriff or his successor they will belong to him until he has received the amount of the salary earned by him for the year 1898, not to exceed $1,600. [Allen v. Cowan, 96 Mo. 193.] So that it is apparent that the plaintiff is not remediless. To the amount of the difference between the fees collected by him which he had earned in 1898 and retained, and the amount earned and not collected for that year, not exceeding $1,600, he can demand and recover the uncollected fees from

his successor, and his own evidence shows they will be more than sufficient. But these considerations are really outside of the case before us. This bill is predicated upon mistake of fact and fraud, and there is no foundation for either charge in the record, and the judgment of the circuit court dismissing his bill was right and is affirmed. All concur.