JACOB E. SMITH, Judge of the Probate Court within and for Pettis County, v. PETTIS COUNTY, Appellant.—136 S. W. (2d) 282.

Division One, January 23, 1940.

*Frank W. Hayes* for appellant; *Roy McKittrick,* Attorney General, and *Drake Watson,* Assistant Attorney General, of counsel.

*Guy B. Park, Montgomery, Martin & Montgomery.* and *Lamm & Barnett* for respondent.

*Frank E. Morris amicus curiae.*

DOUGLAS, J.—This is an action under the Declaratory Judgment Law (Laws 1935, p. 218) for the declaration of rights under a statute. It springs from a controversy over the construction of Section 11782, Revised Statutes 1929 (10 Mo. Stat. Ann., p. 6999), which section sets out a schedule of fees allowed a probate judge and imposes a limitation on the annual amount a probate judge may retain. The parties agree on the facts. The plaintiff was elected and served as Judge of the Probate Court of Pettis County for a four-year term from 1931 through 1934, was reelected to succeed himself and is serving his second term. The net fees collected and retained by him during each calendar year were as follows: 1931, $3254.46; 1932, $4317.97; 1933, $3129.47; 1934, $3269.50; 1935, $4521.16; 1936, $4329.01. These sums include fees for solemnizing marriages. The sums collected for 1935 and 1936 also include fees of $2109.18 and $424 respectively which had accrued in the first term. The amount of fees permitted to be retained in each year by a probate judge is limited to the amount of the annual compensation received by the judge of the circuit court of the same county which, in this case, is $4700 plus change of venue fees. For the sake of simplicity it was assumed that such amount was the flat sum of $4700. In addition ten per cent of any excess collected over such amount may also be retained.

The plaintiff places a construction on the statute which permits him to retain fees in a larger amount than he would receive under the construction contended for by the defendant. He prays the court to construe the statute and to declare what compensation he is entitled to retain during and after the term of his office. Pettis County

in its answer contends that under its construction of the statute the plaintiff has retained fees in excess of the amount allowed him by such statute and makes a counterclaim for this amount and asks for judgment.

A live dispute exists. In brief, the contentions as pleaded are these. The plaintiff claims that he may retain during his second term of office, in addition to current fees, all fees he receives which accrued during his previous term to an amount which would bring his compensation up to the maximum limit of $4700 per year for each of the four years of his previous term. The defendant claims that of the fees accrued in the previous term but collected in the ensuing term the plaintiff may keep only an amount sufficient to bring the amount received for the *last* year of that term up to $4700. The trial court sustained neither of these contentions. Nor can we sustain them. The parties also differed as to whether marriage fees should be accounted in determining the annual compensation. No declaration of law was offered or given on this subject but in a memorandum opinion the court declared that the plaintiff could not be held accountable for such fees. Its judgment was a succinct order that the defendant take nothing under its counterclaim and plaintiff have his costs.

The rule is settled in this State that a memorandum opinion of the trial court is merely advisory (Smith v. Holdoway Const. Co., 344 Mo. 862, 129 S. W. (2d) 894), and does not constitute any part of the record proper. [Easton Food Center v. Beatrice Creamery Co. (Mo. App.), 119 S. W. (2d) 987; Nolker v. Nolker (Mo. App.), 226 S. W. 304.] We approve that rule and confirm its applicability to the ordinary case. But in a suit for a declaratory judgment, as is this one, is it not the purpose of the suit to obtain from the court a *declaration* of the parties' rights? A mere judgment entry ordinarily cannot be responsive to the relief prayed for. It is not sufficient here. In Frazier v. City of Chattanooga, 156 Tenn. 346, 1 S. W. (2d) 786, where the trial court in a case under the Declaratory Judgment Law has sustained a demurrer and dismissed the petition, it was held that the better practice would have been to enter a decree, or a declaration defining the rights of the parties under the issues made, though such decree is adverse to the contentions of the petition. This holding is in harmony with our law. The first section of our Act on Declaratory Judgments states that the court "shall have power to *declare* rights. . . . The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree." It therefore appears to be the express duty of the trial court to make a declaration of rights which constitutes or becomes a part of the judgment or decree and thereby a part of the record proper. The very purpose of this suit is to secure a judicial construction of the statute, to the extent necessary to determine how it applies to the facts

of the controversy involved, and a declaration of rights under such construction. We find three declarations of law were offered by the defendant. The court gave one and refused two. This action of the court, in itself, was not a sufficient declaration of rights. But, in addition, we find in its memorandum opinion that the trial court construed the statute and declared the rights of the parties under it. The defendant treated these declarations contained in the memorandum opinion as part of the judgment because it complained of them in its motion for new trial. The defendant has also included the memorandum opinion in its bill of exceptions. Other issues have been raised by the plaintiff in his brief so that by the conduct of the parties themselves we have the whole matter before us. Furthermore, in reviewing the judgment entered it will be necessary for us to construe the statute and determine the rights of the parties. We shall proceed to do this under Section 1063, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1361).

The rule is established that the right of a public official to compensation must be founded on a statute. It is equally established that such a statute is strictly construed against the officer. [Nodaway County v. Kidder, 344 Mo. 795, 129 S. W. (2d) 857; Ward v. Christian County, 341 Mo. 1115, 111 S. W. (2d) 182.] The statutes referable to the compensation of a probate judge are explicit. First, Section 11776 states that the officers named in that article shall be allowed the fees for their services as thereafter set out. Then Section 11782 in the same article says "the judges of probate courts, respectively, shall be allowed fees for their services" and thereafter itemizes the fees in detail. It is necessary to bear in mind that such "fees" although an emolument of the office are allowed to and become the property of the judge himself. While the office invests the officer with title to the fees they do not belong to the *office* but to the *officer*. [See Mayfield v. Moore, 53, Ill. 428.] As we said in Callaway County v. Henderson, 119 Mo. 32, 24 S. W. 437: "Fees are a reward or wages given to one as a recompense for his labor and trouble for the execution of his office. . . ."

Formerly, Section 11782 allowed without limitation all the fees earned to the probate judge. Thereafter, the Legislature placed a limitation on the amount of fees the probate judge could retain annually and provided that all fees collected in excess of such limitation should be paid over to the county treasury. This action was in line with the public policy of the State in connection with other offices as expressed in Article IX, Section 13 of the Constitution, which limits the annual amount of fees a county executive or ministerial officer may retain. The question before us involves such limitation. That part of the statute which concerns us is as follows: *"Provided further,* that whenever, after deducting all reasonable and necessary expenses for clerk hire, the amount of fees collected in any one cal-

endar year by or for any one probate judge in any county in this state, during his term of office, and irrespective of the date of accrual of such fees, shall exceed a sum equal to the annual compensation in the aggregate from all sources and for all duties by virtue of the office, except the $1,200.00 allowed for expenses when holding circuit court in other counties, provided by law for a judge of the circuit court having jurisdiction in such county, then it shall be the duty of such probate judge to pay such excess less ten per cent thereof, within thirty days after the expiration of such year, into the treasury of the county in which such probate judge holds office, for the benefit of the school fund of such county; and whenever at any time after the expiration of the term of office of any probate judge. the amount of fees collected by or for him, irrespective of the date of accrual, shall exceed the sum equal to the aforesaid annual compensation provided for a judge of the circuit court having jurisdiction in such county, it shall be the duty of such probate judge to pay such excess, and all fees thereafter collected by or for him on account of fees accrued to him as such probate judge less ten per cent thereof, within thirty days from the time of collection, into the county treasury for the benefit of the school fund." [Sec. 11782, R. S. 1929, 10 Mo. Stat. Ann., p. 6999, l. c. p. 7001.]

 After some litigation and resulting amendment of the statute it is now established that the annual compensation of a circuit judge received "from all sources and for all duties by virtue of his office," which is made the basis of the amount of fees to be retained by a probate judge includes such compensation as a circuit judge may receive as a jury commissioner. [State ex rel. Jasper County v. Gass, 317 Mo. 744, 296 S. W. 431.] Consequently the stipulation of the parties is proper as it conforms with this ruling. There can be no dispute that in addition a probate judge is entitled to ten per cent of the excess funds collected under the plain wording of the statute.

 The real controversy arises over the construction of the proviso which limits the retention of those fees which are collected *after* the expiration of the judge's term. Such fees of course had been earned and had accrued to the judge during his term. As pointed out above, all such fees would ordinarily go to the judge except for the limitation imposed. In construing such proviso the one limiting the compensation received *during* the term must be considered with it.

For brevity we shall condense the two provisos.

I. During Term. Whenever the amount of fees collected in any one calendar year by or for any one probate judge, during his term of office, and irrespective of the date of accrual, shall exceed a sum, etc.

II. After Term. Whenever at any time after the expiration of the term of office of any probate judge the amount of fees collected by or for him, irrespective of the date of accrual, shall exceed the sum equal to the annual compensation of the circuit judge, etc.

These provisos do not and cannot in any way add to or increase the grant of fees because all fees belonged to the judge before they were adopted. They separate the period during which the fees are collected into two divisions, one during the term and the other after the term, and impose a limitation for each division. Pursuant to this scheme the same section requires a probate judge during his term to account annually for the fees collected and then after the expiration of his term to file for record a statement of all fees which accrued but were not collected during his term.

Turning to the first proviso we find that the intention is clear, and the appellant so agrees, that the amount retained for any one year of the term shall not exceed the limit regardless of the amount earned. The limitation is only on the fees collected and not on the fees earned during the year. For example, if the amounts collected for the first and second years of the term each were less than the limit and then the amount collected for the third year was in excess of the limit, the excess could not be applied to extinguish the deficits of the two previous years. Under the plain and unambiguous meaning of the proviso such excess must be paid to the county and this is so even though the excess was created by fees earned during the previous years of the term. The condition "irrespective of the date of accrual" as applied to the annual collections determines this. There is no basis for the contention that an average yearly amount equal to the salary of a circuit judge should be maintained. The amount collected in one year has no bearing on amounts collected in other years. The case of Allen v. Cowen, 96 Mo. 193, 98 S. W. 587, is not pertinent. That case, construing the Acts of 1868 as later amended providing for the fees of circuit clerks, held that fees *whenever* collected should be applied to the clerk's compensation. Such is obviously not the case here.

The fees collected by probate judges are of public record. We must assume that the Legislature was familiar with them when they adopted these provisos. We may also assume that the Legislature was familiar with probate practice in a general way. For instance, that estates could not be finally settled until after a lapse first of two years and now of one year. Where there is litigation estates remain open for indefinite periods. Estates of minors under guardianship may remain open for almost twenty-one years; estates of insane persons much longer. Therefore, the collection of fees previously earned may be long postponed. It would be and is unlikely that sufficient fees could be collected in the first years or perhaps during the entire four years of the term to reach the amount

allowed. Moreover, a probate judge is specifically prohibited by this same section from collecting fees in advance. Before the limitation of these provisos was imposed probate judges would continue to collect fees long after the expiration of their terms. These matters all must have been considered. This court itself has judicially noticed the delays which ensue between the time a circuit clerk earns his fees and his actual collection of them in State ex rel. Emmons v. Farmer, 271 Mo. 306, 196 S. W. 1106.

No doubt because of such delays the fees permitted to be retained were not restricted to those collected during the term. However, by this second proviso the amount to be retained after the expiration of the term was also limited. Under its terms read in their ordinary meaning a probate judge is entitled to all his fees collected after his term until in the aggregate the amount of such fees reaches the amount of the annual compensation of the circuit judge—in this case $4700. After he has once collected such an amount then all excess (less ten per cent thereof) is to be turned over to the county. But, it is argued, this construction would give a probate judge salary for five years although his term is limited by the Constitution to only four years. This contention is not tenable because, as we have pointed out, these provisos in no way increase the grant of fees already made but merely impose a limitation. Under the facts of this case if the collection by Judge Smith of fees accrued during his term but collected after its expiration should reach the full amount of $4700, such amount added to his yearly collections over the four years would not equal the salary of a circuit judge for four years. On the other hand had Judge Smith collected the full amount each year, still under the express direction of the statute he could retain $4700 after the expiration of his term if such amount was earned and collected.

 Appellant admits that the statute does not expressly uphold its contention that only such amount collected after the term may be retained as will bring the collections for the *last year* of the term up to $4700. It is argued that the statute implies such an intention because to grant a five-year salary for a four-year term also would violate the spirit of the Constitution. No doubt it would, but such is not the case here. An implication must be fair and clear to become part of a statute. [Elsas v. Montgomery Elevator Co., 330 Mo. 596, 50 S. W. (2d) 130; Bowers v. Missouri Mut. Assn., 333 Mo. 492, 62 S. W. (2d) 1058.] There is no such implication here when the proviso is considered as it reads which we must do. [St. Louis Pub. Serv. Co. v. Pub. Serv. Comm., 326 Mo. 1169, 34 S. W. (2d) 486.] The language is too plain to permit any construction. [State ex rel. Jacobsmeyer v. Thatcher, 338 Mo. 622, 92 S. W. (2d) 640.] A probate judge may only collect fees for services which he has already performed. These services may be performed only while he is in office. His fees can accrue only while he is in office. These provisos only

limit what he may keep. We said in Corbin v. Adair County, 171 Mo. 385, 71 S. W. 674, that a circuit clerk can demand and recover his uncollected fees from his successor. A suit for fees against a clerk's successor was upheld in Lycett v. Wolff, 45 Mo. App. 489.

The fact that Judge Smith succeeded himself in office in no way affects our conclusions. The first proviso applied "during his term of office" that is, during the four-year term to which he was elected, commencing January 1, 1931. Then the second proviso attached "after the expiration of the term of office" or after the term for which he was elected had expired on December 31, 1934. The first proviso applies anew to his second term. A "term of office" uniformly designates a fixed and definite period of time. [State ex rel. Withers v. Stonestreet, 99 Mo. 361, 12 S. W. 895; State ex inf. Major v. Williams, 222 Mo. 268, 121 S. W. 64.] As far as compensation is concerned we have held in the case of a circuit clerk that each official term stands by itself. [State ex rel. Emmons v. Farmer, 271 Mo. 306, 196 S. W. 1106, supra.] There is nothing in the section to indicate that the same rule should not be applied to a probate judge.

The final question is whether a probate judge must account for fees collected for solemnizing marriages in arriving at his annual compensation. During the respondent's term of office he collected fees from this source amounting to $396. Section 2976, Revised Statutes 1929 (7 Mo. Stat. Ann., p. 5401) gives the general grant of authority to any judge of a court of record together with any ordained preacher of the gospel and others to solemnize a marriage. This grant is repeated in Section 2046, Revised Statutes 1929 (4 Mo. Stat. Ann., p. 2641) defining the jurisdiction of a probate judge. It merely permits an act and does not impose a duty. There is included under Section 11782, which specifies the fees of probate judges, an item: "For solemnizing a marriage . . . $2.00." But this must be considered with Section 11776, which allows fees for services rendered in discharging the duties imposed by law and requires the clerk of the court to keep account of fees accruing in matters "pending in their said courts." This is the only item in the entire list which does not pertain to a judicial matter. It is our opinion that the duty imposed by this section to account for fees means the fees assessed for judicial services. Our decision in City of St. Louis v. Sommers, 148 Mo. 398, 50 S. W. 102, involving such similar facts and statutes is peculiarly apposite here. The facts in that case showed that all fees collected for services of a justice of peace were to be turned over to the city treasurer and in return the justice of the peace was to receive a stated salary from the city. The question for decision was whether the justice was required to turn over to the city fees received for solemnizing marriages. We said that the solemnization of a marriage is in no sense a judicial act and that any marriage fee

received by the justice is for services, possibly of a perambulatory nature "wholly disconnected from his judicial character." We held he was not required to turn over such fees. The trial court in this case said "it would seem there is no difference in principle as to being accountable for marriage fees between cases where the judicial officer is paid a salary and obliged to pay all fees to the court and where he may retain all fees up to a certain amount and pay the excess, if any, over to the county." The Legislature in its wisdom may change such statutes as it appears to have done in connection with the justices of the peace in certain counties. We hold under the existing statutes a probate judge need not account for marriage fees.

It follows that the respondent has received no fees in excess of the amount allowed him. The judgment on the counterclaim is affirmed and the cause remanded with directions to enter a decree for the plaintiff declaring his rights in accordance with this opinion. All concur.