Wm. Page Bellamy Lafayette County Prosecuting Attorney P. O. Box 59 Lexington, Missouri 64067
Dear Mr. Bellamy:
This opinion is in response to your question asking which county officials, if any, are entitled to have their salaries calculated as of September 1, 1997 on the new salary schedules enacted by Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Bill No. 11, 89th General Assembly, First Regular Session (1997) (hereinafter "Senate Bill No. 11"). We understand you are particularly concerned about the salary of the county assessor who commences a new term of office on September 1, 1997.
Senate Bill No. 11 amended numerous statutory sections relating to the compensation of county officials. Section 53.082, RSMo, relating to the compensation of the county assessor in certain counties was one of the sections amended. Section 53.082, RSMo 1994, provided in relevant part:
 53.082. Compensation — training program, attendance required, when, expenses, compensation (second, third and fourth class counties). — 1. The county assessor in any county, other than in a first class county, shall receive an annual salary computed as set forth in the following schedule provided in this subsection. The assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. The provisions of this section shall not permit or require a reduction in the amount of compensation received by any person holding the office of assessor on January 1, 1988.
Assessed Valuation Salary
 $0 to 20,000,000 $25,900 20,000,001 to 25,000,000 26,400 25,000,001 to 30,000,000 26,900 30,000,001 to 40,000,000 28,900 40,000,001 to 50,000,000 29,400 50,000,001 to 55,000,000 29,900 55,000,001 to 60,000,000 30,400 60,000,001 to 65,000,000 30,900 65,000,001 to 70,000,000 31,400 70,000,001 to 100,000,000 32,400 100,000,001 to 150,000,000 32,900 150,000,001 to 200,000,000 33,400 200,000,001 to 250,000,000 33,900 250,000,001 to 300,000,000 34,400 300,000,001 to 350,000,000 34,900 350,000,001 to 450,000,000 35,400 450,000,001 to 550,000,000 35,900 550,000,001 to 750,000,000 36,400 750,000,001 or more 36,900
* * *
Section 53.082 as enacted by Senate Bill No. 11 provides in relevant part:
 53.082. 1. The county assessor in any county, other than in a first classification county, shall receive an annual salary computed as set forth in the following schedule provided in this subsection. The assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. The provisions of this section shall not permit or require a reduction in the amount of compensation being paid for the office of assessor on September 1, 1997.
Assessed Valuation Salary
 18,000,000 to 40,999,999 29,000 41,000,000 to 53,999,999 30,000 54,000,000 to 65,999,999 32,000 66,000,000 to 85,999,999 34,000 86,000,000 to 99,999,999 36,000 100,000,000 to 130,999,999 38,000 131,000,000 to 159,999,999 40,000 160,000,000 to 189,999,999 41,000 190,000,000 to 249,999,999 41,500 250,000,000 to 299,999,999 43,000 300,000,000 or more 45,000
 2. The compensation for county assessors in second, third and fourth classification counties for the term of office beginning September 1, 1997, shall be calculated pursuant to the salary schedule in this section using the percentage increase approved by the county salary commission when establishing the compensation for the office of county assessor at the salary commission meeting in 1997. This salary shall become effective on September 1, 1997.
* * *
The effect of the statutory amendment is to provide in most situations a higher salary for the county assessor. For example, with an assessed valuation of $60,000,000, under Section 53.082, RSMo 1994, the salary amount shown is $30,400. However, under Section 53.082 as enacted by Senate Bill No. 11, the salary amount shown is $32,000. The effective date of Senate Bill No. 11 is August 28, 1997. See Article III, Section 29 of the Missouri Constitution and Section 1.130, RSMo 1994.
Article VII, Section 13 of the Missouri Constitution provides:
 Section 13. Limitation on increase of compensation and extension of terms of office. The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended. [Emphasis added.]
"A `term of office' uniformly designates a fixed and definite period of time." Smith v. Pettis County, 136 S.W.2d 282, 288 (Mo. 1940). "Each official term stands by itself. The constitutional provision forbidding an increase or decrease of compensation during a term of office has reference to the period fixed as a term by statute only, and in no wise refers to the individual who may incidently happen to be the incumbent for more than one term." State ex rel. Emmons v. Farmer, 196 S.W. 1106, 1109 (Mo. banc 1917).
Turning to the county assessor, Section 53.010, RSMo 1994, provides that the term of office of county assessors commences on September 1 after their election. Such section provides in relevant part:
 53.010. Election — term — residency — exception, St. Louis city. — 1. At the general election in the year 1948 and every four years thereafter the qualified voters in each county in this state shall elect a county assessor. Such county assessors shall enter upon the discharge of their duties on the first day of September next after their election, and shall hold office for a term of four years, and until their successors are elected and qualified, unless sooner removed from office; provided, that this section shall not apply to the city of St. Louis. The assessor shall be a resident of the county from which such person was elected. [Emphasis added.]
* * *
Pursuant to Section 53.010, county assessors elected in November, 1996 commence a new term of office on September 1, 1997.
Article VII, Section 13 of the Missouri Constitution provides the compensation of a county assessor shall not be increased during the term of office. In the situation about which you are concerned, the term of office of the county assessor elected in November, 1996 does not commence until September 1, 1997 pursuant to Section 53.010. Senate Bill No. 11 is effective August 28, 1997 which is prior to the county assessor's term of office commencing on September 1, 1997. Therefore, any increase in the compensation of a county assessor resulting from the enactment of Senate Bill No. 11 is not prohibited by Article VII, Section 13.[1] This conclusion is consistent with subsection 2 of Section 53.082 as enacted by Senate Bill No. 11 wherein the General Assembly states that the salary schedule in Senate Bill No. 11 shall be used to calculate the compensation of county assessors beginning September 1, 1997.
CONCLUSION
It is the opinion of this office that a county assessor commencing a term of office on September 1, 1997 whose compensation is based on Section 53.082, RSMo, is entitled to any additional compensation resulting from the enactment of Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Bill No. 11, 89th General Assembly, First Regular Session (1997) beginning September 1, 1997.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Section 50.333, RSMo, creates a county salary commission in every nonchartered county. The salary commission establishes the compensation for county officers to be paid to such officers during the next term of office. It has been the long-standing policy of this office not to opine on the validity of or interpret action taken by the county salary commission in a particular county. Therefore, this opinion addresses the application of Article VII, Section 13 to any increase in compensation for county assessors resulting from the enactment of Senate Bill No. 11, but we do not address the validity of or interpret action taken by a county salary commission in a particular county.