**Rusby C. CRITES, Appellant,**

v.

**Gene C. HUCKSTEP, J. Ronald Fischer, and Leonard F. Sander, in their official capacity of Presiding Judge (Huckstep) and Associate Judges (Fischer & Sander) of the County of Cape Girardeau County, Missouri, a governmental agency, Respondents.**

No. 43235.

Missouri Court of Appeals, Eastern District, Division Three.

May 26, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

---

Albert C. Lowes, Buerkle, Lowes & Beeson, Jackson, for appellant.

Stephen Limbaugh, Jr., Pros. Atty., Cape Girardeau, for respondents.

CRIST, Presiding Judge.

Declaratory judgment action by former county clerk for additional compensation and interest alleged to be due to him from the years of 1974 through 1978 for services he performed as county clerk.

Appellant, Rusby C. Crites, (hereinafter "county clerk") was, for may years, county clerk of Cape Girardeau County, a second class Missouri county. In 1965, the legislature enacted the § 51.153 as follows:

The county clerk in counties of the second class shall assist the county assessor in abstracting information on personal property assessment lists as to the number of each and every item of personal tangible property for certification to the county court on or before June first of each year. Sec. 51.153, RSMo 1978.

The legislature also enacted § 51.292 as follows:

For the performance of the duties imposed by Section 51.153, the county clerk shall receive, in addition to all other compensation provided by law, two thousand dollars per annum. Sec. 51.292, RSMo 1978.

The county clerk contends that he is entitled to $10,000 in the aggregate, plus interest, for the five years in question for performing the services described in § 51.153. We disagree.

In 1969, the Missouri Legislature undertook the complete revision of the salary scheme of county clerks of second, third and fourth class counties by enacting § 51.300, RSMo 1978, effective January 1, 1971. Section 51.300 provided that county clerks would receive annual salary based upon the population and the assessed valuation of their respective counties. Subsection 4 thereof provided for as follows:

The salary provided in this section shall be the *total compensation* received by the county clerk, except that he may retain any fees to which he is entitled for services performed in the issuance of fish and game licenses or permits. Sec. 51.300, RSMo 1978, (emphasis added).

In conjunction with the passage of § 51.300, three other statutes pertaining to compensation of county clerks were expressly repealed. Section 51.290, RSMo 1965 (general salary for court clerks of second class counties); Section 51.293, RSMo 1965 (compensation for the county clerk of second class counties for supervision of the county addressograph department); and Section 51.301, RSMo 1965 (salary of the county clerk of counties of the fourth class). Section 51.292, upon which the instant cause is based, was not specifically repealed.

The issue is whether or not the legislature intended to repeal § 51.292 by enacting § 51.300. We conclude that it did. The fact that the legislature subsequently en-

acted compensation statutes for county clerks assigning additional duties for additional compensation is not material to the issue herein. See, §§ 51.121 and 51.310; 51.122 and 51.305; 115.023 and 115.025, RSMo 1978. These merely enabled the legislature to effectuate salary increases during a term of office. Missouri Constitution, Art. VII, § 13 (1945).

■ Because the "right to compensation for the discharge of official duties is purely a creature of statute," the salary statute under which county clerk claims the right of compensation must be strictly construed. *Felker v. Carpenter*, 340 S.W.2d 696, 701 (Mo.1960). A strict construction of § 51.300 leads to the conclusion that the legislature, by using the words "total compensation," intended that the county clerk receive, from the enactment of § 51.300, no compensation other than that authorized by that section. Section 51.292 was thereby repealed by implication. Accordingly, county clerk is not entitled to any compensation under § 51.292.

■ The parties admitted that county clerk was entitled to $1,325.54 back salary for services rendered pursuant to § 51.305, RSMo 1978, and that he is entitled to interest in accordance with § 408.020, RSMo 1978, on such amount. There is a dispute as to when such interest began to run. We agree with the trial court that the county clerk is entitled to interest from date of demand. The only demand shown was the filing of the suit. *Coleman v. Kansas City*, 353 Mo. 150, 182 S.W.2d 74, 78 (Mo.banc 1944).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.