Dear Mr. DiMaggio:
This opinion letter is in response to your question asking:
 May Ste. Genevieve County, while generally providing a plan of hospital and medical insurance for its employees, allow those employees covered by some other hospital and medical insurance to elect to receive from the county the monetary equivalent of their participation in the county plan?
Your question makes reference to state audits declaring this practice improper with respect to certain elected county officials. In State Auditor's Report No. 84-72, September 28, 1984, Ste. Genevieve County, Missouri, Three Years Ended December 31, 1983, and again in State Auditor's Report No. 86-115, December 12, 1986, Ste. Genevieve County, Missouri, Two Years Ended December 31, 1985, the auditor recommended that the county seek reimbursement from officials who received the monetary equivalent of participation in the county plan. The auditor concluded this amount received by these officials exceeded the amounts established by statute for compensation.
Section 49.278, RSMo 1986 provides:
 49.278. Governing body may provide insurance for county employees, procedure. — 1. The county governing body in all counties may contribute to the cost of a plan, including a plan underwritten by insurance, for furnishing all or a part of hospitalization or medical expenses, life insurance, or similar benefits for elected officials and their employees, and to appropriate and utilize its revenues and other available funds for these purposes.
 2. No contract shall be entered into by the county to purchase any insurance policy or policies pursuant to the terms of this section unless such contract shall have been submitted to competitive bidding and such contract be awarded to the lowest and best bidder.
We note that your question concerns county employees while the auditor's reports referred to certain elected county officials. There is an important distinction since the Missouri statutes establish the procedure for determining the amount of compensation to be paid to the county officials referred to in the auditor's reports. See Section 50.333, RSMo Supp. 1988.
With respect to the county officials referred to in the auditor's reports, it is well settled that "`the right to compensation for the discharge of official duties is purely a creature of statute.'" Crites v. Huckstep, 619 S.W.2d 328,330 (Mo.App. 1981). Accordingly, "a public officer claiming compensation for official duties must rely on a statute authorizing payment." State ex rel. Igoe v. Bradford,611 S.W.2d 343, 350 (Mo.App. 1980). Statutes which grant public officials compensation are strictly construed against them.Smith v. Pettis County, 345 Mo. 839, 136 S.W.2d 282, 285
(1940).
Section 49.278 does not authorize the payment of monetary compensation in lieu of participation in the county insurance plan. The compensation of the county officials referred in auditor's reports is specifically provided by statute. In the absence of statutory authorization, we conclude the county officials whose salaries are specified by statute may not receive monetary compensation in lieu of participation in the county hospital and medical insurance plan.
With respect to county employees whose salaries are not set by statute, there is no state statutory prohibition on the county paying to an employee who chooses not to be covered by the county insurance plan an amount in excess of that paid to an employee who chooses to be covered by the county insurance plan. We therefore conclude that under state statutes the county may pay employees who do not choose to be covered by the county hospital and medical insurance plan an amount in excess of that paid employees who do choose to be covered by the county insurance plan, which additional amount is the monetary equivalent of participation in the county insurance plan.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General