Frank V. DiMaggio Ste. Genevieve County Prosecuting Attorney P.O. Box 406 Ste. Genevieve, Missouri 63670
Dear Mr. DiMaggio:
This opinion letter is in response to your questions asking:
 a) whether it is legally permissible for the County Commission of Ste. Genevieve County, as the county governing body, to provide the cost of whole life insurance for elected officials and/or employees, and
 b) whether it is then legally permissible for those participating elected officials (under the whole life insurance policies) to be named as owners of said policies and/or to retain any cash values accruing under such a whole life insurance policy.
Your opinion request makes reference to a state audit declaring this practice improper with respect to certain elected county officials. In State Auditor's Report No. 88-164, December 22, 1988, Ste. Genevieve County, Missouri, Two Years Ended December 31, 1987, at pages 86-87, the state auditor recommended that the county discontinue purchasing life insurance for certain elected county officials. The state auditor concluded that since the policies purchased represented whole life insurance which builds a cash value, the county was providing additional compensation to those elected officials in violation of Missouri law. The state auditor recommended that the County Commission should either seek reimbursement from the elected officials in the amount which was expended in premiums, or terminate the policies and seek reimbursement of their cash value.
Section 49.278, RSMo 1986, provides:
 49.278. Governing body may provide insurance for county employees, procedure. — 1. The county governing body in all counties may contribute to the cost of a plan, including a plan underwritten by insurance, for furnishing all or a part of hospitalization or medical expenses, life insurance, or similar benefits for elected officials and their employees, and to appropriate and utilize its revenues and other available funds for these purposes.
 2. No contract shall be entered into by the county to purchase any insurance policy or policies pursuant to the terms of this section unless such contract shall have been submitted to competitive bidding and such contract be awarded to the lowest and best bidder.
Section 67.150, RSMo 1986, provides:
 67.150. Insurance for elected officials and employees, political subdivision may contribute — contracting procedure. — 1. The governing body of any political subdivision may utilize the revenues and other available funds of the subdivision, as a part of the compensation of the elected officials and employees of the subdivision, to contribute to the cost of a plan, including a plan underwritten by insurance, for furnishing all or part of hospitalization or medical expenses, life insurance or similar benefits for the subdivision's elected officials and employees.
 2. No contract shall be entered into by the governing body of the political subdivision to purchase any insurance policy or policies pursuant to the terms of this section unless the contract is submitted to competitive bidding at least every three years and the contract is awarded to the lowest and best bidder.
Although your questions concern both county employees and elected county officials, the applicable section of the state auditor's report which you question referred solely to elected county officials. The distinction between county employees and elected county officials is an important one because Missouri statutes establish the procedure for determining the amount of compensation to be paid to the elected county officials referred to in the state auditor's report. See Section 50.333, RSMo Supp. 1989.
With respect to the elected county officials referred to in the state auditor's report, it is well settled that the "right to compensation for the discharge of official duties is purely a creature of statute." Crites v. Huckstep, 619 S.W.2d 328, 330
(Mo.App. 1981). Accordingly, "a public officer claiming compensation for official duties must rely on a statute authorizing payment." State ex rel. Igoe v. Bradford,611 S.W.2d 343, 350 (Mo.App. 1980). Statutes which grant public officials compensation are strictly construed against the officials. Becker v. St. Francois County, 421 S.W.2d 779, 783
(Mo. 1967).
Both Sections 49.278 and 67.150 authorize county governing bodies to provide insurance for county elected officials and their employees, although neither section authorizes elected officials to retain the cash value of a life insurance policy. The compensation of the county elected officials referred to in the state auditor's report is specifically provided by statute; therefore, we conclude the county elected officials whose salaries are specified by statute may not receive the cash value of the life insurance policy which has been provided by the county.
With respect to county employees whose salaries are not set by statute, there is no state statutory prohibition regarding an employee retaining the cash value of the whole life insurance policy. We therefore conclude that the county may name an employee as owner of the whole life insurance policy and the employee may retain any cash value accruing under such a policy.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General